Williamson *v.* Booram.

---

CORNELIUS WILLIAMSON *against* CORNELIUS BOORAM.

### CERTIORARI.

An insolvent debtor who has been remanded to prison upon the undertaking of a creditor to prove that he had not fairly delivered up his property to the use of his creditors, and who had joined issue with his creditor upon the fairness of his surrender, according to the form of the pleadings prescribed by the insolvent act, (*Rev. Laws* 219) cannot have a judgment entered in his favor by default of the creditor to appear against him, but must go on and prove his case to the jury and obtain their verdict.

---

This was a *certiorari* to the Court of Common Pleas of the county of Hunterdon, to remove the proceedings of that court in the matter of the application of Cornelius Booram, an insolvent debtor, for the benefit of the insolvent laws. Upon the hearing of the application, Cornelius Williamsom, one of the creditors, not being satisfied with the truth and honesty of the declaration and confession of the insolvent, nor with the truth and fairness of his account and inventory, entered into the usual agreement and stipulation required of the creditor on such occasions. Whereupon the insolvent was remanded to prison, and filed his declaration in the form prescribed by the insolvent act, to which Williamson pleaded, and issue was joined in the usual form. When the cause was called on for trial, Williamson did not appear, because as was alleged the cause was called out of order;

and the Court of Common Pleas, instead of ordering the trial to proceed, made the following order, viz.: "That judgment by default be entered against the said defendant, (Cornelius Williamson) with costs to be taxed, and that the said plaintiff (Cornelius Booram) be discharged from imprisonment, for all debts by him heretofore contracted." Williamson then brought this *certiorari*, and by his counsel, *P. D. Vroom, Esq.*, urged several reasons, for the reversal of the judgment, among others, "That a judgment by default was entered against the defendant, after issue joined, on the facts alleged in the pleadings."

BY THE COURT. The statute requires the debtor, when issue is joined to "cause a *venire facias* to issue;" and to "cause the issue joined, as aforesaid, to be tried in turn before the court by the said jury, to be summoned by the sheriff of the county," and on the trial to "prove in evidence, and maintain the truth and legality of his case according to the issue on his part joined." In this issue, from the form of the pleadings, the debtor holds the affirmative. The statute further directs, "that if the jury do find a verdict for the debtor, the court do render judgment that the debtor be discharged."

From the provisions of the statute, and the nature of the issue, it is clear that the court erred in entering a default and discharging the debtor without trial or verdict, because the creditor did not appear. The issue joined should have been tried. The debtor should have been required "to prove in evidence and maintain the truth and legality of his case," to have sustained to the satisfaction of a jury the affirmative averment of his declaration. A verdict for the debtor was indispensable, to authorize the court to render a judgment of discharge.

Let the judgment and discharge be reversed.